Taet, J.,
dissenting. The account attached as an exhibit to plaintiff’s amended petition and made a part of her first cause of action specifically shows a charge of $375 for “services rendered * * * at the rate of $75 per month” from “Aug. 1, 1940, to Dec. 31, 1940” and a charge of $900 for such services for *440 each succeeding year 1941 through 1950, inclusive, at such rate. It is apparent therefore that plaintiff in that cause of action judicially admits that those respective amounts were due and payable at the end of each of those years. Nothing in the second cause of action requires an inference that the amounts prayed for thereunder, which are also sought under the allegations of the first cause of action, were to be payable at any times subsequent to the ends of the respective years in which the services had been rendered for which payment is sought. The exact words of that cause of action are:
“Plaintiff says that on or about the first day of August 1940 she entered into an express contract with the said Otto Weber wherein he agreed to pay her whatever was reasonable for her services for staying at his home at night and for washing, ironing, cooking meals, cleaning, canning, taking care of truck patch, taking care of chickens and milking. Plaintiff says that she performed these services and that a reasonable charge for her services were $75 per month; and that she worked at the said Otto Weber’s home upon his express contract to so do from August 1, 1940, to January 1, 1951.”
The majority opinion therefore must be based upon the false premise that the “express contract” relied upon in the second cause of action provided either expressly or by implication for a time of payment for all services rendered which would be at or within six years of the death of Otto Weber. There is no such allegation in the second cause of action. If there had been one, it would have been inconsistent with the judicial admissions made by plaintiff in her first cause of action and plaintiff’s rights 'thereunder would therefore have been effectively limited by those admissions.
It may be that the wording of defendants’ motion to elect was not such as to require plaintiff to elect to stand upon either her first cause of action or upon her second and third causes of action so that the court may have properly overruled that motion. However, it is apparent that the allegations of plaintiff’s amended petition and her judicial admissions therein are such as to require the conclusion that the statute of limitations bars her recovery for services rendered more than six years prior to the death of Otto Weber, or perhaps even six years prior to *441 her subsequent presentation of her claim to Ms executors. See annotation, 7 A. L. R. (2d), 198, 208 et seq.
This case differs from Snider, Exr., v. Rollins, 102 Ohio St., 372, 131 N. E., 733, in that there were apparently no judicial admissions involved in that case such as those found in plaintiff’s first cause of action in the instant case. Likewise, it differs from the recent case of Moore v. Curtzweiler, Admx., ante, 194, where the petition alleged a contract expressly providing for payment at the death of the obligor.
By calculation, it is apparent that, even if plaintiff had recovered all that she asked for in her petition, she would have been entitled to substantially less than the amount of the jury’s verdict for the services rendered during the period beginning six years before the death of Otto Weber. Therefore the charge of the court, permitting the jury to determine whether there was a continuing contract which terminated only with the death of Otto Weber and allowing recovery beyond that six-year period if there was, necessarily prejudiced defendants.
Stewart, J., concurs in the foregoing dissenting opinion.